1 | **BRIAN DeAMICIS**
Attorney at Law, SBN 74312
2 | 2377 Gold Meadow Way #35
Gold River, CA 95670
3 | Telephone: (916) 440-8833
FAX:        (916) 498-1870
4 | email: brian@deamicislaw.com
Attorney for Plaintiff

5

6

7

8 | UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
9 | (Sacramento Division)

10

11 | DALE R. CATES,                                           CASE NO.

12 |                 Plaintiff,                    COMPLAINT TO QUIET TITLE

13 | vs.

14 | SECRETARY OF VETERANS AFFAIRS,

15 | _____Defendant._____/

16 | Plaintiff Dale R. Cates alleges:

17 | PARTIES

18 | 1.  Plaintiff Dale R. Cates is a natural person residing in Placer County, California.

19 | 2.  Defendant Secretary of Veterans Affairs ("the VA") is an officer of the United States.

20 | JURISDICTION AND VENUE

21 | 3.   This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C . §

22 | 2409a  because it concerns title to real property in which the United States claims an interest.

23 | FACTS

24 | 4.  Plaintiff is the owner in fee simple of the real property commonly described as 1907 Forest

25 | Lane, Vacaville, CA 95687 (subject property") and more particularly described as:

26 | Lot 24, as shown on the "Amended Plat of Oakmont Terrace, situated in the City of Sacramento, Count of Sacramento, State of California, recorded in the
27 | office of the Sacramento County Recorder on April 2, 1956, in Book 43 of Maps, Map No. 36

28

Complaint to Quiet Title

APN: 132-092-170

5.  The VA acquired title to the subject property by grant deed recorded December 11, 1998, naming the VA as grantee.  A copy of that grant deed is attached as Exhibit 1.

6.  On May 6, 1999 the VA accepted Plaintiff's offer to purchase the property.  A copy of that acceptance is attached as Exhibit 2.

7.  On August 6, 1999 Plaintiff completed his purchase of the subject property from the VA for $144,200.  As part of the sale price he signed a promissory note in favor of the Secretary of Veterans Affairs for the sum of $129,730, secured by a deed of trust against the subject property, dated August 6, 1999.  A copy of the deed of trust is attached as Exhibit 3.  He paid the balance of the purchase price from his personal funds.

8.  On January 10, 2000, the VA assigned its interest in the promissory note and deed of trust to the Bankers Trust Company of California.  Plaintiff duly paid the full amount due under the promissory note and a Substitution of Trustee and Full Reconveyance was recorded on April 20, 2021.  A copy of the Substitution of Trustee and Full Reconveyance is attached as Exhibit 4.

9.  Plaintiff took possession of the subject property on or about August 6, 1999 and has been in continuous possession or control of the property ever since.  Plaintiff has paid all costs and expenses relating to the subject property, including but not limited to property taxes, utilities, repairs and maintenance, continuously since August 6, 1999.

10.  On or about February 1, 2022, Plaintiff discovered that the VA had never executed or recorded a deed conveying legal title to him as grantee.  According to the public record, the VA still owns of the property.

11.  Upon learning that the VA is still record owner of the subject property, Plaintiff contacted the VA to remedy the situation.  The VA responded by sending Plaintiff an affidavit from Scott Hiatt, Realty Officer for Contract Assurance for the Veterans Administration, dated June 2, 2022, in which Mr. Hiatt affirms that "the Department of Veterans Affairs sole the property known as 1907 Forest Lane, Vacaville, CA 95687 to Dale R. Cates August 6, 1999.  The sale amount was $144,200."  A copy of that affidavit is attached as Exhibit 5.

12. Plaintiff, by his counsel, later contacted the VA office of General Counsel asking that the VA execute a grant or quitclaim deed, which Plaintiff would cause to be recorded at his own expense. The VA, through its General Counsel, refuses to execute any such deed. A copy of its email to Plaintiff's counsel is attached as Exhibit 6.

13. The affidavit from Mr. Hiatt does not suffice to establish Plaintiff's marketable title to the subject property. Plaintiff cannot obtain title insurance, obtain a mortgage, or sell the house on a commercially reasonable basis without a deed by which the VA conveys legal title to the house to him.

Wherefore, Plaintiff prays of the Court:

A.  For a judgment that Plaintiff is the legal and equitable owner of the subject property free of any claim by Defendant.

B.  For attorneys fees to the extent allowed by law.

C.  For costs of suit.

D.  For such other relief as the Court deems proper.

Dated: 3/23/23

BRIAN DeAMICIS
Attorney for Plaintiff

Complaint to Quiet Title                    3

**EXHIBIT 1**

First American Title Company

**RECORDING REQUESTED BY:**

- CTC Foreclosure Services

AND WHEN RECORDED MAIL DEED AND TAX STATE

| | |
|---|---|
| Veterans Administration<br>Loan Service and Property Management Section<br>1301 Clay Street, 1300-N (263)<br>Oakland, CA 94612-5209 | 1998-00102437<br>Recorded By:          06  Rec Fee        13.00<br>FIRST AMERICAN       SurMon<br>                     NoPCOR<br>Official Records     IncFee<br>County of Solano     DTTax<br>Robert Blechschmidt  PL.   $ 13.00<br>Assessor/Recorder    OvrSht |
| TS No.:  97-04576<br>Loan No.:  8801261<br>Title Order No.:  4002089<br>Investor/Insurer No.: 1104148CASF | 08:00    11-DEC-98    AR03    3    Pgs |

SPACE ABOVE THIS LINE FOR RECORDER'S USE

248319

505443

# CORPORATION GRANT DEED

## THE UNDERSIGNED GRANTOR(S) DECLARE(S):

__XX__  Document Transfer Tax is $0.00

___  Computed on full value of property conveyed

___  Computed on full value less value of liens or encumbrances at time of sale

__XX__  No documentary transfer tax is due because:  This is a conveyance to a government entity following a foreclosure sale: said government entity is exempt from transfer tax

___  City of VACAVILLE

___  APN 132-092-170      TRA# _____

FOR NO CONSIDERATION, receipt of which is hereby acknowledged, COUNTRYWIDE HOME LOANS, INC., A NEW YORK CORPORATION, F.K.A. COUNTRYWIDE FUNDING CORPORATION, hereby GRANT(S) to:

The Secretary of Veterans Affairs, an officer of the United States of America, and to His/Her successors in such office, as such hereinafter called grantee

The following described real property in the city of VACAVILLE, County of Solano, State of California

SEE ATTACHED LEGAL DESCRIPTION

Dated:    May 01, 1997

State of:    California          )

County of:    Ventura          )

COUNTRYWIDE HOME LOANS, INC.

BY: _____
RICHARD A. HILDEBRAND
1ST VICE PRESIDENT

Liza Bednorski

On 05-01-97, before me, _____, notary public, personally appeared _____ personally known to me (or proved to me on the basis of satisfactory evidence) be the person(s) whose name(s) is/are subscribed to within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

ORDER NO. 4002089
REFERENCE NO. 97-04576, 8801261
TITLE OFFICER: CRAIG THOMPSON

# EXHIBIT "A"

THE LAND REFERRED TO IN THIS GUARANTEE IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF
SOLANO, CITY OF VACAVILLE, AND IS DESCRIBED AS FOLLOWS:

LOT 31, AS SHOWN ON THAT CERTAIN MAP ENTITLED: "SOUTHWOOD, VACAVILLE, CALIFORNIA,"
FILED IN THE OFFICE OF THE SOLANO COUNTY RECORDER ON JULY 20, 1966 IN BOOK 23 OF MAPS,
PAGE 17.

# Government Code 27361.7

I certify under penalty of perjury that the notary seal on the document to which this statement is attached reads as follows:

Name of Notary _Lisa Bednorski_

Commission Number _1062633_

Place of Execution _Ventura Country_

Date Commission Expires _6 - 22 - 99_

Date: _12-11-98_        _Lois Martin_
                        Signature

                        _____
                        Firm Name (if any)

END OF DOCUMENT

**Exhibit 2**



**DEPARTMENT OF VETERANS AFFAIRS**
Regional Office
Property Management Section
1301 Clay Street, 1300 North
Oakland   CA   94612-5209

May 06, 1999

In Reply Refer to:
PM   43-43-6-1104148
1907 FOREST LANE
VACAVILLE  CA  95687
DALE R CATES

PRUDENTIAL CALIFORNIA REALTY
1241 ALAMO DR ST 1
VACAVILLE  CA  95687
CHARLES LAMB

Your offer to purchase for the above referenced property has been accepted contingent on loan approval.

---

> **Contact an authorized Vendee Loan Processor\*. Complete and return (via fax) the enclosed Vendee Loan Processor Notification Form no later than:   May 13, 1999**

The enclosed documents (checked below) should be submitted to the Loan Processor, to be included in the final loan package:

- ◉ Termite Report and termite inspection statement for purchaser(s) review.  (CA properties only)
- ◉ VA Form 26-6705e, Lead Based Paint Notice.
- ○ VA Form 26-0302, Special Flood Hazard Notice.
- ◉ Special Conditions Statement (disclosure codes shown on the listing).

---

- ◉ Please submit directly to VA the original purchase offer documents: 26-6705 (Contract), 26-6705b (Credit Statement).  If you have already sent your originals please disregard.

The Vendee Loan Processor will compile all required documentation and verifications and will submit a completed loan package to VA for final review.  The loan package must be returned to VA within 23 days from the date of this letter.

It is your responsibility to ensure that the required in or to n or documentation is submitted to the Vendee Loan Processor in a timely manner. Failure to do so res  t  r be  g  e   l.

VA will continue to make the final determination to either approve or disapprove the Vendee Loan application. The Vendee Loan Processor will make a recommendation only.  We do not anticipate ny significant change in our underwriting criteria under this program.  We will notify in writing of our decision.

\*Note: A list of authorized Loan Processors can be obtained by visiting our website: www.va-oakland.com.  Payment of the appropriate processing fee may be required with an up-front, non-refundable fee.  (Certified funds are required).  Please do not allow any prospective purchaser to incur this fee if you have not completed the pre-qualification process.

MICHAEL J. RHOTON
Loan Assistant
Fax:  (510) 637-1260  or  e-mail: pm-oak@vba.va.gov
Visit our website:  www.va-oakland.com

| | |
|---|---|
| **Interest Rate:** | 7.00% |
| **Funding Fee:** | 2.25% |

Enclosures

**Exhibit 3**

Order No.----------------------------
Escrow No.----------------------------
**RECORDING REQUESTED BY
VETERANS AFFAIRS**
When Recorded Mail To:
Loan Service and Claims (263)
Department of Veterans Affairs
Loan Guaranty Division
1301 Clay St., 1360 North
Oakland, CA 94612-5209

1999-00068995
Recorded By:          7A  RecFee      23.00
VETERANS AFFAIRS          SurMon
                          NoPCOP
Official Records          IncFee
County of Solano          DTTax
Robert Blechschmidt       Cash    $ 23.00
Assessor/Recorder         OvrSht

13:30  06-AUG-99      AR29    4    Pgs

_____SPACE ABOVE THIS LINE FOR RECORDER'S USE_____

VA FORM 26-5403 (cg) (Vendee Loan)                               **CALIFORNIA**
Revised July 1999
Section 1820, Title 38, U.S.C.          **DEED OF TRUST**      VA Loan No. 43-43-7-0024011
                              With Assignments of Rents

THIS DEED OF TRUST, made this 6th day of AUGUST , 1999 , BETWEEN,

DALE R. CATES, an UNMARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY,

as TRUSTOR, whose address is                    1907 Forest Lane, Vacaville                and
C. B. BIDONDO    , Loan Guaranty Division, Department of Veterans Affairs, Oakland, California, as TRUSTEE
and the Secretary of Veterans Affairs, an Officer of the United States of America, whose principal office and post office
address is Department of Veterans Affairs, Washington, D.C. 20420, and successors in such office, as such, as
BENEFICIARY.

WITNESSETH: That Trustor irrevocably GRANTS, TRANSFERS, and ASSIGNS to TRUSTEE IN TRUST, WITH
POWER OF SALE, and if there be more than one Trustee, THEN in JOINT TENANCY and with LIKE POWER OF SALE,
the property in VACAVILLE County, California, described as:

LOT 31, AS SHOWN ON THAT CERTAIN MAP ENTITLED: "SOUTHWOOD, VACAVILLE, CALIFORNIA,"
FILED IN THE OFFICE OF THE SOLANO COUNTY RECORDER ON JULY 20, 1966 IN BOOK 23 OF MAPS, PAGE 17.
APN: 132-092-17.

TOGETHER WITH the improvements thereon and the hereditaments and appurtenances thereunto belonging, and the rents, issues, and profits thereof,
SUBJECT, HOWEVER, to the right, power, and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues, and
profits: and all fixtures now or hereafter attached to or used in connection with the premises herein described and in addition thereto the following described
household appliances, which are, and shall be deemed to be, fixtures and a part of the realty, and are a portion of the security for the indebtedness herein
mentioned:

FOR THE PURPOSE OF SECURING PERFORMANCE of each agreement of Trustor herein contained and payment
of the sum of          One Hundred and Twenty-Nine Thousand, Seven Hundred and Eighty Dollars
($  129,780.00  ✓) with interest thereon according to the terms of a promissory note, dated  AUGUST 6, 1999  , payable
to Beneficiary or order and made by Trustor.

# THIS LOAN MAY NOT BE ASSUMED WITHOUT THE PRIOR APPROVAL OF THE DEPARTMENT OF VETERANS AFFAIRS OR ITS AUTHORIZED AGENT, SUCCESSORS OR ASSIGNS.

1. Privilege is reserved to prepay at any time, without premium or fee, the entire indebtedness or any part thereof not less than the amount of one installment, or one hundred dollars ($100), whichever is less. Prepayment in full shall be credited on the date received. Partial prepayment, other than on an installment due date, need not be credited until the next following installment due date or thirty days after such prepayment, whichever is earlier.

2. Trustor agrees to pay to Beneficiary as trustee (under the terms of this trust as hereinafter stated) in addition to the monthly payments of principal and interest payable under the terms of said note, on the installment due date of each month until said note is fully paid, the following sums:

(a) An installment of the ground rents, if any, and of the taxes and special assessments levied or to be levied against the premises covered by this Deed of Trust; and an installment of the premium or premiums that will become due and payable to renew the insurance on the premises covered hereby against loss by fire or such other hazard as may be required by Beneficiary in amounts and in a company or companies satisfactory to Beneficiary; Trustor agreeing to deliver promptly to beneficiary all bills and notices therefor. Such installments shall be equal respectively to one-twelfth (1/12) of the annual ground rent, if any, plus the estimated premium or premiums for such insurance, and taxes and assessments next due (as estimated by Beneficiary, and of which Trustor is notified) less all installments already paid therefor, divided by the number of months that are to elapse before one month prior to the date when such premium or premiums and taxes and assessments will become delinquent. Beneficiary shall hold such monthly payments in trust to pay such ground rents, premium or premiums, and taxes and special assessments before the same become delinquent.

(b) The aggregate of the amounts payable pursuant to subparagraph (a) and those payable on the note secured hereby, shall be paid in a single payment each month, to be applied to the following items in the order stated:

(I) ground rents, taxes, special assessments, fire and other hazard insurance premiums;
(II) interest on the note secured hereby;
(III) amortization of the principal of said note.

Any deficiency in the amount of any such aggregate monthly payment shall, unless made good prior to the due date of the next such payment, constitute an event of default under this Deed or Trust.

3. If the total of the payments made under (a) of paragraph 2 preceding shall exceed the amount of payments actually made by Beneficiary as trustee for ground rents, taxes or assessments, or insurance premiums, as the case may be, such excess may be released, applied on any indebtedness secured hereby, or be credited by Beneficiary as trustee on subsequent payments to be made by Trustor for such items. If, however, such monthly payments shall not be sufficient to pay such items when the same shall become due and payable, then Trustor shall pay to Beneficiary as trustee any amount necessary to make up the deficiency within thirty (30) days after written notice from the Beneficiary stating the amount of the deficiency, which notice may be given by mail. If at any time Trustor shall tender to Beneficiary, in accordance with the provisions hereof, full payment of the entire indebtedness secured hereby, Beneficiary as trustee shall, in computing the amount of indebtedness, credit to the account of Trustor any credit balance remaining under the provisions of (a) of paragraph 2 hereof. If there shall be a default under any of the provisions of this Deed of Trust and thereafter a sale of the premises in accordance with the provisions hereof, or if the Beneficiary acquires the property otherwise after default, Beneficiary as trustee shall apply, at the time of the time of the commencement of such proceedings, or at the time the property is otherwise acquired, the amount then remaining to credit of Trustor under (a) of paragraph 2 preceding, as a credit on the interest accrued and unpaid and the balance to the principal then remaining unpaid on said note.

4. At Beneficiary's option, Trustor will pay a "late charge" not exceeding four per centum (4%) of any installment when paid more than fifteen (15) days after the due date thereof to cover the extra expense involved in handling delinquent payments, but such "late charge" shall not be payable out of the proceeds of any sale made to satisfy the indebtedness secured hereby, unless such proceeds are sufficient to discharge the entire indebtedness and all proper costs and expenses secured hereby.

**To Protect the Security of This Deed of Trust, Trustor Agrees:**

5. To protect and preserve said property and to maintain it in good condition and repair.

6. Not to remove or demolish any building or improvement thereon.

7. To complete or restore promptly and in good and workmanlike manner any building or improvement which may be constructed, damaged, or destroyed thereon, and pay when due all costs incurred therefor.

The Trustee, upon presentation to it of an affidavit signed by Beneficiary, setting forth facts showing a default by Trustor under this numbered paragraph, is authorized to accept as true and conclusive all facts and statements therein, and to act thereon.

8. Not to commit or permit waste of said property.

9. Not to execute or file of record any instrument which imposes a restriction upon the sale or occupancy of the property described herein on the basis of race, color or creed.

10. To comply with all laws, ordinances, regulations, covenants, conditions, and restrictions affecting said property.

11. To provide and maintain hazard insurance, of such type or types and amounts as Beneficiary may from time to time require, on the improvements now or hereafter on said premises, and except when payment for all such premiums has heretofore been made under (a) of paragraph 2 hereof, to pay promptly when due any premiums therefor; and to deliver all premiums therefor; and to deliver all policies to Beneficiary, which delivery shall constitute an assignment to Beneficiary of all return premiums.

12. To appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; and should Beneficiary or Trustee elect to also appear in or defend any such action or proceeding, to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum incurred by Beneficiary or Trustee.

13. To pay at least 10 days before delinquency all assessments upon water company stock, and all rents, assessments and charges, for water, appurtenant to or used in connection with said property; to pay, when due, all encumbrances, charges, and liens with interest, on said property or any part thereof, which at any time appear to be prior or superior hereto; to pay all reasonable costs, fees, and expenses of this trust.

14. Should Trustor fail to make any payments or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: Make or do the same in such manner and

STATE OF CALIFORNIA
COUNTY OF SOLANO

On 8-6-99 before me, JA McCOY personally appeared DALE R. CATES

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _____

(SEAL)



Signature of Trustor

DALE R. CATES

**Exhibit 4**

Recording Requested by: Orion Financial Group, Inc.

WHEN RECORDED RETURN TO:
**DALE R CATES, AN UNMARRIED MAN AS HIS
SOLE AND SEPARATE PROPERTY**
c/o Orion Financial Group, Inc.
2860 Exchange Blvd. # 100
Southlake TX 76092

Recorded In Official Records of Solano County
**Marc C. Tonnesen**
**Assessor/Recorder**
Orion

Doc # **202100043773**



4/20/2021
11:48:13 AM
AR62
13

| | | | |
|---|---|---|---|
| Titles: | 2 | Pages: | 2 |
| Fees | | | $49.00 |
| Taxes | | | $0.00 |
| SB2 Fee | | | $150.00 |
| Other | | | $0.00 |
| **Paid** | | | **$199.00** |

### SPACE ABOVE THIS LINE FOR RECORDER'S USE
### SUBSTITUTION OF TRUSTEE AND FULL RECONVEYANCE

WHEREAS, **DALE R CATES, AN UNMARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY** , was the original Trustor, and SECRETARY OF VETERANS AFFAIRS, AN OFFICER OF THE UNITED STATES OF AMERICA, was the original Beneficiary, under that certain Deed of Trust dated 8/6/1999 and recorded August 6, 1999, in Instrument # 1999-00068995, of the Official Records of Solano County, California,

WHEREAS, the undersigned BANKERS TRUST COMPANY OF CALIFORNIA, N.A. NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE, OR ITS PERMITTED SUCCESSORS AND ASSIGNS, ON BEHALF OF VENDEE MORTGAGE TRUST 1999-3 is the present Beneficiary under said Deed of Trust, and

WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust.

NOW, THEREFORE, the undersigned hereby substitutes **ORION FINANCIAL GROUP, INC.**, as Trustee under said Deed of Trust, and as substitute Trustee DOES HEREBY RECONVEY to the person or persons legally entitled thereto, without warranty, all the estate, title, and interest acquired by Trustee under said Deed of Trust.

The land referred to in said Deed of Trust is situated in the State of California, County of Solano.
Property Address: 1907 FOREST LANE, VACAVILLE, CA 95687

Dated April 9, 2021
BANKERS TRUST COMPANY OF CALIFORNIA, N.A. NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE, OR ITS PERMITTED SUCCESSORS AND ASSIGNS, ON BEHALF OF VENDEE MORTGAGE TRUST 1999-3 BY CARRINGTON MORTGAGE SERVICES, LLC AS ITS ATTORNEY-IN-FACT

By:

Charles R. Hall, Vice President

CATES    *21027434*

7000095470
CARRINGTON/RELEASE

CA  Solano

Recording Requested by: Orion Financial Group, Inc.

WHEN RECORDED RETURN TO:
**DALE R CATES, AN UNMARRIED MAN AS HIS**
**SOLE AND SEPARATE PROPERTY**
c/o Orion Financial Group, Inc.
2860 Exchange Blvd. # 100
Southlake TX 76092

State of TX                    )
County of Tarrant              )
      Before me, F. Holley, Notary Public, personally appeared, Charles R. Hall, Vice President known to me to be the person(s) whose name(s) is subscribed to the foregoing instrument and acknowledged to me that he/she executed the same for the purposes and consideration therein expressed.
Given under my hand and seal of office on 04/09/2021

_____
Notary public, F. Holley
My commission expires: August 19, 2023

> F. HOLLEY
> Notary Public, State of Texas
> Comm Expires 08-19-2023
> Notary ID 128008387

**ORION FINANCIAL GROUP, INC.**

By: _____

      Connie M. Riggsby, Vice President

State of TX                    )
County of Tarrant              )
THIS IS TO CERTIFY that on this **April 9, 2021**, before me the undersigned Notary Public, personally appeared Connie M. Riggsby, known to me and to me known to be the Vice President of the corporation that executed the within instrument, and known to me to be the person who executed the within instrument on behalf of the corporation therein named and acknowledged to me that such corporation executed the same pursuant to its by-laws or a resolution of its Board of Directors.
WITNESS my hand and official seal.

_____
Notary public, F. Holley
My commission expires: August 19, 2023

> F. HOLLEY
> Notary Public, State of Texas
> Comm Expires 08-19-2023
> Notary ID 128008387

> END OF DOCUMENT

*21027434*                    CA   Solano                    7000095470
                                                                 CARRINGTON/RELEASE

**Exhibit 5**

# AFFIDAVIT

**LOAN NUMBER:** 43-43-7-0024011
**BORROWER:** Dale R. Cates
**ORIGINAL PRINCIPAL BALANCE:** $129,780.00

I, Scott Hiatt, am a Realty Officer with the Department of Veterans Affairs (VA) signing on behalf of the Secretary of Veterans Affairs an Officer of the United States.

The Department of Veterans Affairs sold property known as 1907 Forest Lane Vacaville, CA 95687 to Dale R. Cates August 6, 1999. The sale amount was $144,200.00.

The Secretary of Veterans Affairs, an Officer of the United States, was the original holder of Deed of Trust Note dated August 6, 1999, for the sum of $129,780.00, executed by Dale R. Cates, and payable to Secretary of Veterans Affairs, an Officer of the United States of America.

The Deed of Trust Note was secured by a Deed of Trust dated August 6, 1999, recorded in Solano County Registry of Deeds, California, instrument # 1999-00068995 on the property described therein, having a property address: 1907 Forest Lane, Vacaville, CA 95687.

VA assigned its interest to Bankers Trust Company of California, N.A., not in its individual capacity but solely as trustee, or its permitted successors and assigns, on behalf of Vendee Mortgage Trust 1999-3, recorded January 10, 2000, in Solano County Registry of Deeds, California, instrument # 2000-00002389.

The loan paid in full according to the Substitution of Trustee and Full Reconveyance recorded April 20, 2021, in Solano County Registry of Deeds, California, document # 202100043773.

Secretary of Veterans Affairs,
an Officer of the United States

By: _____   Date: 6/2/2022

Scott Hiatt, Realty Officer for Contract Assurance
(CAU Chief) pursuant to a delegation of Authority
contained in 38 C.F.R. 36.4345, and re-delegated as
authorized by the Under Secretary for Benefits

State of Tennessee
County of Davidson

I, the undersigned notary public in and for the aforesaid county and state, do hereby
certify that Scott Hiatt personally came before me this 2nd day of
June, 2022 and acknowledged that he/she is Scott Hiatt, Realty Officer for
Contract Assurance (CAU Chief) pursuant to a delegation of Authority contained in 38
C.F.R. 36.4345, and re-delegated as authorized by the Under Secretary for Benefits,
that he/she executed the foregoing Affidavit for and on behalf of the Secretary of
Veterans Affairs, an Officer of the United States, and that this document was executed
under and by virtue of delegated authority.

My Commission Expires:

_____   7/9/2022
Notary Public

Ann W Markham



**Exhibit 6**

# Dale Cates; 1907 Forest Lane, Vacaville California

McGinnis, Jill (OGC) <Jill.McGinnis@va.gov>
Wed 2/15/2023 1:51 PM
To: brian deamicislaw.com <brian@deamicislaw.com>
Cc: Miller, Nicholas (OGC) <Nicholas.Miller6@va.gov>

📎 1 attachments (100 KB)
Cates Affidavit 2022 20220602162620312.pdf;

Mr. DeAmicis,

Thank you for your letter dated January 13, 2023 regarding Mr. Dale Cates property located at 1907 Forest
Lane, Vacaville, CA 95687.  As you may be aware, this situation was reviewed last summer by the Loan
Guaranty Service and the Office of General Counsel. Unfortunately, it is necessary for Mr. Cates to file a quiet
title action to obtain clear title to this property.  VA has provided Mr. Cates with the attached affidavit.
 Recordation of this affidavit would be available and likely assist the quiet title action, should he decide to
pursue that option.

I hope that this proves helpful to Mr. Cates. Please let us know if you have any questions or need for further
assistance.

Thanks,

Jill

---

## Jill McGinnis
Staff Attorney
Loan Guaranty National Practice Group
Office of General Counsel
Department of Veterans Affairs
575 North Pennsylvania Street, RM 644
Indianapolis, IN 46204
Jill.McGinnis@va.gov
Phone: (317) 916-3779



-
This message may contain information that is confidential and/or protected by law. If it has been sent to you in
error, please reply immediately to advise the sender of the error and then destroy this message, any copies of
this message and any printout of this message. If you are not the intended recipient of the message, any
unauthorized dissemination, distribution or copying of the material in this message, and any attachments to
the message, is strictly forbidden.

3/21/2023, 2:30 PM